SNELLING & SNELLING, PLAINTIFF-APPELLANT, v.
MARYANN E. GOYDEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 27, 1981—Decided November 5, 1981.

Before Judges MICHELS and J. H. COLEMAN.

*W. Barry Rank* argued the cause for appellant (*Weston, Kravitz & Rank,* attorneys; *Michael T. Hartsough* on the brief).

*Lawrence F. O'Hara,* respondent, argued the cause *pro se* (*Lefkowitz & O'Hara,* attorneys).

The opinion of the court was delivered by

J. H. COLEMAN, J. A. D.

This appeal raises the question of whether a county district court can or should permit a litigant to proceed by way of an *ex parte* order to show cause why an employer should not be held in contempt for refusing to honor a wage execution. We hold the county district court can and should entertain such a procedure.

A brief statement of the essential facts is necessary for a clear understanding of the problem. Plaintiff had recovered a judgment against defendant and issued a wage execution against her salary. The wage execution was served upon her employer, a law firm, Lefkowitz, O'Hara & Wallack. The employer deducted $100 which was remitted to the constable. The employer refused to make further deductions and failed to give an explanation to the court, plaintiff's attorney or the constable. Plaintiff obtained an *ex parte* order to show cause why the law firm should not be held in contempt. On the return date of the order the judge vacated the order to show cause because he felt such orders should not be utilized in the county district court. He determined that the proper procedure was for plaintiff to file a lawsuit against the law firm under *N.J.S.A.* 2A:17–54 which provides:

Failure or refusal to make the payments required by section 2A:17–53 of this title shall render such person, agent or officer so failing or refusing liable to an action therefor by the judgment creditor named in the execution....

This statute is not the exclusive remedy a litigant has to force a recalcitrant employer to respond to his statutory obligation to make proper deductions from its employee's wages when so ordered by the district court. The rules governing practice before the New Jersey courts clearly provide an alternative procedure. The order to show cause is an aid to a litigant pursuant to R. 1:10–5 which is available in a county district court. R. 1:1–1 states that all of the rules under Part I are applicable to the county district courts. While it is true that N. J. S. A. 2A:17–54 permits a direct action against a noncomplying employer, the spirit and intent of R. 1:10–5 is to have an expeditious inexpensive handling of such matters. Proceedings under this rule are consistent with the intendment of the rules under Part I because R. 1:1–2 states that the rules under Part I through Part VIII should be construed to secure a just determination, simplicity in procedure, fairness in administration of justice and the elimination of unjustifiable expense and delay.

Furthermore, it would make little sense to hold that a county district court that has issued a wage execution order cannot enforce its own order. The essence of the alleged conduct here is defiance of the court's authority which tended to obstruct the administration of justice. Willful disobedience of a court order is against the power, authority and dignity of the court. *See In Re Yengo*, 84 *N.J.* 111 (1980), *cert. den.*, 449 *U.S.* 1124, 101 *S.Ct.* 941, 67 *L.Ed.*2d 110 (1980). In such circumstances the county district court has and should exercise its contempt power to insure compliance with its order. To deny the county district court this "right of self-preservation" would largely nullify its status and ability to function properly as an essential part of our judicial structure. *Weehawken Tp. Bd. of Health v. N. Y. Central R. Co.*, 10 *N.J.* 284, 290 (1952).

Finally, we observe that the county district court is close to the people and many small claims are processed daily. Many

such claims result in the issuance of wage execution orders. If a litigant is compelled to file a lawsuit under *N. J. S. A.* 2A:17–54 for disobedience of the court order for wage execution, that would be unduly expensive, cause more delay and unnecessarily clog up an already jammed court calendar.

Accordingly, the order under appeal is reversed and the matter remanded to the Mercer County District Court to conduct a plenary hearing on the contempt proceeding. We do not retain jurisdiction.

Reversed and remanded.